LINCOLN MORTGAGE COMPANY, A CORPORATION OF NEW JERSEY, PLAINTIFF-APPELLANT, v. WILLIAM McPHILLIPS, DEFENDANT-APPELLEE.

Argued May 4, 1938—Decided September 30, 1938.

Before Justices TRENCHARD, PARKER and PERSKIE.

For the plaintiff-appellant, *Jerome C. Eisenberg* (*Melville J. Berlow,* on the brief).

No appearance for the defendant-appellee.

The opinion of the court was delivered by

TRENCHARD, J.  This suit was brought by the plaintiff to recover from the defendant, as claimed in the first count, rent of premises in accordance with the terms of a rental agreement, and in the second count, for the reasonable value of the use and occupation of the premises.  The trial judge, sitting without a jury, seems, in effect, to have entered a judgment for the defendant upon the ground that there was no issue of fact presented.

The plaintiff-appellant contends, and we think rightly, that the trial judge erred in sustaining the defendant's objection to a question put to Carolyn McPhillips (the wife of the defendant) a witness called by the plaintiff, concerning statements made by the witness on previous occasions respecting

the rent alleged to be due and unpaid. The witness had testified that no rent was owing. Plaintiff then inquired if she had not admitted to plaintiff's representatives (naming them), that $80 was owing after she had vacated the property. That question was overruled as incompetent upon the ground that it was an unlawful "impeachment of the witness."

We think that was an erroneous view. While a party cannot impeach a witness called by him, which is done by showing by general evidence that he is unworthy of belief, he may, nevertheless, show that such witness has made other and different statements from those to which she has testified, for that is merely contradicting, not impeaching, the witness; and that may be shown in a proper case for the purpose of neutralizing such evidence where, as here, the party calling the witness was manifestly surprised by her testimony. *Fox* v. *Forty-four Cigar Co.,* 90 *N. J. L.* 483; *Bussy* v. *Hatch,* 95 *Id.* 56; *Lenz* v. *Public Service Railway Co.,* 98 *Id.* 849; *Baus* v. *Trenton, &c., Traction Corp.,* 100 *Id.* 364; *State* v. *Lerman,* 107 *Id.* 77; *State* v. *Johnson,* 73 *Id.* 99; *State* v. *D'Adame,* 84 *Id.* 386.

Since a reversal is required for the reason stated, it becomes unnecessary to consider other questions argued, and is undesirable so to do in view of the way in which they are presented.

The result is that the judgment below must be reversed to the end that a new trial be had. Costs to abide the event.